UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 00-4846

PAUL LUSKIN,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-87-478-JFM)

Argued: June 6, 2001

Decided: August 17, 2001

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Rod J. Rosenstein, Assistant United States Attorney,
Greenbelt, Maryland, for Appellant. Martin Stanley Himeles, Jr.,
ZUCKERMAN, SPAEDER, GOLDSTEIN, TAYLOR & BETTER,
L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Stephen M.
Schenning, United States Attorney, Greenbelt, Maryland, for Appel-
lant. Herbert Better, Cynthia L. Tippett, ZUCKERMAN, SPAEDER,
GOLDSTEIN, TAYLOR & BETTER, L.L.P., Baltimore, Maryland;
William J. Genego, LAW OFFICES OF WILLIAM J. GENEGO,
Santa Monica, California, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The defendant, Paul Luskin, moved the district court to reduce his sentence pursuant to the former version of Fed. R. Crim. P. 35(b), which provides that a "motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed." On November 2, 2000, the district court granted Luskin's motion and reduced his sentence. On appeal, the Government argues that the district court lacked jurisdiction to entertain Luskin's motion; it alternatively contends that the sentence reduction was in error.

We hold that the district court possessed jurisdiction to consider Luskin's Rule 35(b) motion, but we nevertheless conclude that it erroneously reduced Luskin's sentence. Accordingly, we vacate the district court's November 2, 2000 order and amended judgment, and we remand for proceedings consistent with this opinion.

I.

In October 1987, Luskin was indicted on eight felony counts after he hired several hit men to murder his wife. The indictment charged Luskin with one count of conspiracy, in violation of 18 U.S.C. § 371; three counts of using interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1952A; three counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d). [1] The jury convicted Luskin on each count.

_____

[1] Luskin's efforts, as detailed in our opinion affirming his convictions on direct appeal, paint a disturbing picture:

2

The district court sentenced Luskin on April 29, 1988. The court imposed consecutive five-year terms on each of the three § 924(c) counts, for a total of fifteen years. The court also sentenced Luskin to a total of twenty years' imprisonment on the remaining five counts. Under the former version of 18 U.S.C. § 4205(a), Luskin was eligible for parole upon serving one-third of the twenty-year sentence. The fifteen-year sentence, however, was non-parolable and could not be served concurrently with the twenty-year sentence.

The judgment stipulated that the non-parolable fifteen-year sentence be served consecutively to the parolable twenty-year sentence, i.e., it provided that Luskin serve the parolable term before serving the non-parolable term. On September 17, 1990, the district court granted Luskin's motion to reduce the parolable sentence to nineteen years and eight months, resulting in a total sentence of thirty-four years and eight months, fifteen of which remained non-parolable.

Luskin appealed his conviction, and we affirmed. See United States v. Luskin, No. 88-5068, 1989 WL 106996 (4th Cir. Sept. 19, 1989) (unpublished). After exhausting his direct appeals, Luskin twice sought post-conviction relief pursuant to 28 U.S.C.§ 2255. The district court denied his separate petitions, and we affirmed both times. See United States v. Luskin, No. 91-6659, 1993 WL 22010 (4th Cir.

_____

> Paul Luskin was involved in a long and bitter divorce proceeding with his wife Marie. At stake was the bulk of Luskin's assets including a successful Florida business. Rather than proceed with the divorce and risk losing such assets, Luskin resolved to have his wife killed. . . . [Sonny] Cohen traveled to Florida to carry out the plan. . . . [P]osing as a floral delivery man, Cohen gained entry to Marie Luskin's home and shot her in the head. She survived the wound. . . . Cohen [then] recruited [James] Manley to aid him in completing the murder contract.. . . [T]he two traveled to Florida together, devised an elaborate scheme to finish their job, but ultimately failed. . . . [T]he third and final attempt to kill Mrs. Luskin . . . . also resulted in failure.

United States v. Luskin, No. 88-5068, 1989 WL 106996 (4th Cir. Sept. 19, 1989) (unpublished).

3

Feb. 3, 1993) (unpublished); <u>United States v. Luskin</u>, 926 F.2d 372 (4th Cir. 1991).

On March 21, 1996, Luskin filed another § 2255 petition with the district court, contending that his sentence was based on a "misapprehension of law." J.A. 81p. The court, however, again denied relief. On September 30, 1996, Luskin moved the district court "to reconsider the denial of the sentencing claim presented in his motion pursuant to 28 U.S.C. § 2255."

While Luskin's motion for reconsideration was pending, the Supreme Court rendered its decision in <u>United States v. Gonzales</u>, 520 U.S. 1 (1997). In <u>Gonzales</u>, the Court held that § 924(c) sentences must be served consecutively to state sentences. In reaching its conclusion, the Court also ruled that sentencing courts are not bound to order defendants to serve § 924(c) sentences before serving other sentences. <u>See id.</u> at 7-8.

Prior to <u>Gonzales</u>, the Bureau of Prisons (BOP) required prisoners to serve § 924(c) non-parolable sentences before serving parolable sentences, regardless of the sequence indicated by the sentencing court. In response to <u>Gonzales</u>, however, the BOP in 1998 issued a revised Operations Memorandum retroactively mandating that prisoners serve their sentences in the sequence specified by the judgment and commitment order.

This change in policy had an immediate effect on Luskin's eligibility for parole, and it essentially denied Luskin four years of parole consideration. Prior to the revised Operations Memorandum, the BOP treated Luskin as serving the non-parolable portion of his sentence <u>before</u> he served his parolable sentence. Consequently, he was not deemed eligible for parole until 2004.[2]

_____

[2] The parole eligibility date of 2004 is calculated as follows. Luskin was incarcerated in 1988. Because the BOP originally required him to serve the non-parolable sentence first, he had to serve 15 years before he started serving the parolable term. Luskin received good time credits on the non-parolable sentence that reduced his sentence by five years. Thus, Luskin only had to serve 10 years of the non-parolable sentence. After he served the 10 years, Luskin had to serve one-third of the parolable term (roughly six years) before he was eligible for parole. Luskin therefore had to serve a total of 16 years before he became eligible for parole, which fixes a parole eligibility date at 2004.

4

After the revised Memorandum, however, the BOP reversed the sequence of Luskin's sentences to conform to the judgment. As noted previously, the judgment made the non-parolable sentence consecutive to the parolable sentence. The BOP therefore treated Luskin as having commenced service of the parolable portion of his sentence before the non-parolable sentence. Thus, it determined that Luskin's eligibility for parole began ten years earlier, in 1994.**3** Because the BOP did not reverse the sequence of his sentences until 1998, Luskin was deprived of parole consideration for four years (he should have received a parole hearing in 1994). Luskin was accorded a parole hearing in July 1998, but the Parole Commission denied parole on October 1, 1998.**4**

On October 5, 1998, Luskin filed a supplemental memorandum in support of his motion for reconsideration, which was still pending in the district court. Luskin contended that the court had "misapprehended the effect of designating the non-parolable sentences as consecutive to all other sentences." J.A. 98. Luskin asserted that, in essence, the district court had misconceived the law by failing to anticipate the holding of Gonzalez that § 924(c) sentences need not be served before other sentences.

The district court, according to Luskin, believed at the time of sentencing that Luskin would have to serve his non-parolable § 924(c) sentence prior to the parolable sentence, even though the judgment ordered just the opposite. In other words, the court considered the terms of the judgment irrelevant to Luskin's sentence sequence inasmuch as the BOP would require him to serve the non-parolable term first. In support of this assertion, Luskin noted that the district court

_____

**3** The parole eligibility date of 1994 is calculated as follows. Luskin was incarcerated in 1988. Because the BOP required him to serve the parolable sentence first, Luskin became eligible for parole after serving only one-third of his parolable sentence. Luskin therefore became eligible for parole after serving roughly six years, which fixes a parole eligibility date of 1994.
**4** Even had the Commission granted Luskin parole, he would not have been released. Because the BOP determined that Luskin must serve his parolable sentence first, he would have been obligated to complete the fifteen-year non-parolable portion of his sentence before being released.

5

had indicated in its "Report on Committed Offender," forwarded to the Parole Commission, that "Mr. Luskin must serve a 15-year non-parolable term prior to a consecutive parolable 20-year term." J.A. 122-23. The court's statement obviously conflicted with the terms of its judgment and commitment order, which required Luskin to serve the parolable term before the non-parolable term. Luskin therefore asked the district court to vacate his sentence and resentence him. Specifically, Luskin requested, inter alia, that he serve the non-parolable sentence first.

The Government opposed Luskin's motion for reconsideration, contending Luskin's "assertion that the district[c]ourt intended the parolable term to follow the non-parolable term, rather than precede it as implemented by the Bureau of Prisons, cannot possibly justify vacating the sentence under Section 2255." J.A. 136. Instead, the Government argued that Luskin's only "lawful remedy would be to seek correction of the written judgment order under Federal Rule of Criminal Procedure 36 to comport with the Court's articulated intention." J.A. 136.

On September 3, 1999, the district court granted in part Luskin's motion for reconsideration of his § 2255 petition. The court recognized Luskin's argument that it "misapprehended the law" to be "well founded." J.A. 226. The court found that it had erroneously made "the section 924(c) sentences consecutive to the substantive offenses instead of vice versa." J.A. 227. It noted that it had made the mistake because at the time of sentencing, "it was the common understanding of judges, lawyers, and the Bureau of Prisons that whatever the sequence of the sentences directed in the criminal judgment order may have been, non-parolable sentences were deemed to be served before parolable sentences." J.A. 227. The court found that its "misunderstanding of law" had created a "manifest injustice" because it compromised Luskin's opportunity for parole consideration. The court therefore ordered the clerk "to enter an amended criminal judgment and commitment order to reflect that Luskin's parolable non-section 924(c) sentences are to run consecutive to his non-parolable section 924(c) sentences." J.A. 232. The Government did not appeal.

On December 3, 1999, Luskin filed a motion for a reduction of sentence under Fed. R. Crim. P. 35(b), "so that he will not be forced to

6

spend virtually the rest of his life in prison." J.A. 250. The version of the rule applicable to Luskin, i.e., to those persons committing offenses prior to November 1, 1987, provides, "[a] motion to reduce a sentence may be made . . . within 120 days after the sentence is imposed." Fed. R. Crim. P. 35(b), amended by Pub. L. No. 98-473, 98 Stat. 2015 (1985). Luskin maintained that the district court's September 3, 1999 order had granted his motion for § 2255 relief. He therefore asserted that the order had the effect of vacating the prior judgment and sentence, thereby restarting the 120-day clock for filing a motion for a reduction of sentence pursuant to Rule 35(b). The Government countered, however, that the district court's September 3, 1999 order simply corrected a clerical error in conformance with Fed. R. Crim. P. 36. The Government also argued that even had the district court accorded Luskin relief under § 2255, it was not authorized to reduce Luskin's sentence under Rule 35(b).

The district court then granted Luskin's Rule 35(b) motion and scheduled a hearing to reduce Luskin's sentence. The court found that its September 3, 1999 order had indeed granted relief under § 2255 and that "[n]o clerical mistake was involved in the imposition of the original sentence." J.A. 284. Rather, the court found that it "expressly" stated in its opinion that the "error was based upon [its] own misapprehension of law." J.A. 284. The court therefore reasoned that it "necessarily vacated the original sentence and set the judgment aside under the express terms of 28 U.S.C. § 2255." J.A. 284 (citing United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999)). The court concluded that its vacature of the judgment and sentence had the effect of affording Luskin "120 days in which to file a Rule 35(b) motion." J.A. 284 (citing United States v. Ackerman, 619 F.2d 285 (3d Cir. 1980)).

At the sentencing hearing, the Government argued that a reduction was improper because Luskin's § 924(c) non-parolable sentence was already below the mandatory minimum. Citing Deal v. United States, 508 U.S. 129 (1993), the Government maintained that Luskin should have received consecutive sentences of five, ten, and ten years, for a total of twenty-five years, on the three non-parolable § 924(c) counts. The Government contended that because Luskin's non-parolable sentence was below the prescribed statutory minimum, a reduction of the parolable term would be inappropriate.

7

Although the district court was aware that Luskin's non-parolable sentence was below the lawful minimum, the court subsequently reimposed Luskin's fifteen-year non-parolable term and reduced his parolable term to ten years, thereby effectively reducing his sentence from thirty-four years and eight months to twenty-five years. The court reduced the sentence because it believed "that there will be no useful purpose served by having Mr. Luskin incarcerated" for a longer period of time. J.A. 394. On November 2, 2000, the court issued an order and entered an amended judgment implementing the Rule 35(b) reduction. The Government appeals.

II.

The Government insists that the sentence reduction was erroneous for three reasons. First, it contends that the district court lacked jurisdiction to grant Luskin's Rule 35(b) motion because the court's September 3, 1999 order amending the judgment and commitment order was not based on § 2255, but was simply a correction of a clerical error pursuant to Fed. R. Crim. P. 36. The Government argues that merely invoking Rule 36 does not "impose" a new sentence and thereby satisfy the jurisdictional prerequisite for entertaining a Rule 35(b) motion. Second, the Government maintains that, even if we construe the September 3 order as a grant of relief under § 2255, the district court's reversal of the sequence of Luskin's non-parolable and parolable sentences was not an imposition of sentence that gives rise to jurisdiction under Rule 35(b). Finally, the Government asserts that, even if the district court had jurisdiction to reduce Luskin's sentence under Rule 35(b), the reduction itself was improper.

The Government's appeal of the district court's Rule 35(b) sentence reduction is authorized by 18 U.S.C. § 3731. See United States v. King, 824 F.2d 313, 315 (4th Cir. 1987); United States v. Wright Contracting Co., 728 F.2d 648, 650 (4th Cir. 1984); see also United States v. Hetrick, 644 F.2d 752, 755 (9th Cir. 1981). We review de novo the district court's determination that it possessed jurisdiction to modify Luskin's sentence. See United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994); United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990). The district court's decision to reduce Luskin's sentence is reviewed for an abuse of discretion. See United States v. Pridgen,

8

64 F.3d 147, 150 n.3 (4th Cir. 1995). We address the Government's contentions in turn.

A.

The Government argues that the district court did not have jurisdiction to consider Luskin's motion. The former Rule 35(b) provides that a court may reduce a defendant's sentence if the defendant files a motion for a reduction "within 120 days after the sentence is imposed." The Government asserts that the district court could not have "imposed" a new sentence because the court did not have the authority to act under § 2255. As the Government correctly points out, § 2255 relief is limited to those situations in which a defendant alleges constitutional or jurisdictional error or if the district court makes an "error of law" that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 188 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The Government posits that the district court's misapprehension of law regarding the sequence of Luskin's sentence was not a fundamental error that resulted in a miscarriage of justice. In addition, it asserts that the district court could have relied on Fed. R. Crim. P. 36 to correct the sentence. Rule 36 provides, "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders."

Indeed, the correction of a clerical error pursuant to Rule 36 does not involve the imposition of a new sentence. See, e.g., United States v. Nichols, 169 F.3d 1255, 1280 (10th Cir.), cert. denied, 528 U.S. 934 (1999). The Government also notes that some courts have held that Rule 36 authorizes a district court to amend a written sentencing order at any time to make it conform to the court's intent at sentencing. See United States v. Tramp, 30 F.3d 1035, 1036 (8th Cir. 1994); United States v. McAfee, 832 F.2d 944, 946 (5th Cir. 1987). The Government contends that, because the district court did not have the authority to vacate the judgment and sentence pursuant to § 2255 and the court's order can be construed as correcting a clerical error under

9

Rule 36, there is no new imposition of sentence that gives rise to jurisdiction under Rule 35(b).

The Government's argument on this point must fail. In essence, the Government seeks to challenge the merits of the district court's September 3, 1999 order, which altered the sequence of Luskin's sentence. We point out, however, that our review is limited to analyzing the propriety of the district court's sentence reduction, which was entered on November 2, 2000. The issue of whether the district court had the authority to grant § 2255 relief is not properly before us.

The Government does not dispute that an order granting a motion for § 2255 relief is appealable. See 28 U.S.C. § 2255 ("An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."). If the Government had desired to challenge the propriety of the district court's September 3, 1999 order granting § 2255 relief, it should have appealed from that order. Its failure to appeal precludes us from considering the merits of the court's order granting Luskin's § 2255 motion. See United States v. Carolina Parachute Corp., 907 F.2d 1469, 1472 (4th Cir. 1990) (recognizing that under principles of collateral estoppel and res judicata, the Government's failure to appeal from a final order precludes it from re-litigating issues resolved by the order).

In addition, the district court's order cannot be construed as a correction of a clerical error pursuant to Rule 36. Generally, we defer to a district court's interpretation of its own order. See In re Tomlin, 105 F.3d 933, 941 (4th Cir. 1997); Anderson v. Stephens, 875 F.2d 76, 80 n.8 (4th Cir. 1989). In its order granting Luskin's Rule 35(b) motion, the district court found that its September 3, 1999 order granted Luskin relief under § 2255. The court specifically indicated its "September 3, 1999 opinion was based upon Section 2255 and not Fed. R. Crim. P. 36." J.A. 284.

Our objective analysis of the September 3, 1999 opinion and order confirms the district court's subjective interpretation. The court's opinion and order are devoid of any reference to Fed. R. Crim. P. 36. Instead, the court's ruling indicates that the relief was granted pursuant to § 2255. The court's order specifically granted Luskin's motion

10

for reconsideration. That motion sought to have the district court "re-consider the denial of the sentencing claim presented in [Luskin's] motion pursuant to 28 U.S.C. § 2255." (emphasis added). J.A. 85. Moreover, the court held that it had committed a misapprehension of law that constituted a "manifest injustice." J.A. 226-28. The court's use of this language demonstrates that it relied upon, and granted relief under, § 2255. See Addonizio, 442 U.S. at 188 (holding that § 2255 relief is warranted when a court's misapprehension of law results in a "miscarriage of justice").**5**

In light of the deference owed to the district court in such matters, buttressed by our independent analysis, it certainly appears that the court reasonably interpreted its own order. We therefore conclude that the district court's September 3, 1999 order granted Luskin relief under 28 U.S.C. § 2255.

B.

Although the district court granted relief under § 2255, the Government nevertheless argues that the district court did not possess jurisdiction to reduce Luskin's sentence pursuant to Rule 35(b). A motion for reduction of sentence under Rule 35(b) is available only when the defendant files the motion "within 120 days after the sentence is imposed." Fed. R. Crim. P. 35(b) (emphasis added).

The Government essentially argues that the district court never "imposed" a sentence. It points out that upon granting relief under

---

**5** The court's reliance on § 2255 is further confirmed by its rejection of one of Luskin's other grounds for relief. Luskin had argued that the promulgation of a recent parole regulation had the effect of negating the district court's expectation that Luskin would receive parole. See 28 C.F.R. § 2.20 note (providing that a murder for hire crime "shall not justify a grant of parole at any point in the prisoner's sentence unless there are compelling circumstances in mitigation (e.g., a youthful offender who participated in a murder planned and executed by his parent)"). The court, however, denied relief on that ground because "the Supreme Court has expressly held that a judge's erroneous belief concerning the parole consequences of a sentence does not entitle an inmate to relief under 28 U.S.C. § 2255." J.A. 230 (emphasis added).

11

§ 2255, the district court had four options: (1)"discharge the prisoner"; or (2) "resentence him"; or (3)"grant a new trial"; or (4) "correct the sentence as may appear appropriate." The Government contends that the court merely corrected Luskin's sentence. Because the court chose to "correct the sentence" and did not "resentence" Luskin, the Government urges that the court never"imposed" a new sentence. If the court did not impose a sentence, the argument goes, it was barred from reducing Luskin's sentence under Rule 35(b).

We disagree. The Government's argument on this point ignores the plain language of § 2255. When a district court grants relief pursuant to § 2255, "the court shall vacate and set the judgment aside." The vacature of the judgment under § 2255 necessarily includes the defendant's sentence. See Teague v. Lane, 489 U.S. 288, 314 n.2 (1989) ("As we have often stated, a criminal judgment necessarily includes the sentence imposed upon the defendant."); see also United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000) (recognizing that the judgment of conviction includes the adjudication of guilt and the defendant's sentence); Kapral v. United States, 166 F.3d 565, 569 (3d Cir. 1999) (same).

Here, the district court granted Luskin relief pursuant to § 2255. Under the procedures set forth therein, the original judgment and sentence were set aside and the district court "imposed" an amended criminal judgment and commitment order, which included the amendment to Luskin's sentence. Even if we were to agree with the Government's assertion that the district court "corrected the sentence," as opposed to resentencing Luskin, it ultimately had to impose a new corrected sentence because the original sentence had been vacated pursuant to the mandate of § 2255. See United States v. Torres-Otero, 232 F.3d 24, 30-32 (1st Cir. 2000) (noting that the correction of sentence under § 2255 involves the vacature of the original sentence and imposition of a new sentencing judgment).

Because the district court vacated Luskin's original sentence and imposed a new sentence pursuant to § 2255, the district court possessed jurisdiction to reduce Luskin's sentence in accordance with Rule 35(b). See Ackerman, 619 F.2d at 288 (holding that a § 2255 vacature of an original sentence and subsequent reimposition of a new sentence affords a defendant "120 days within which to file a Rule 35

12

petition to reduce the new sentence"). Having held that the district court possessed jurisdiction to entertain Luskin's Rule 35(b) motion, we must consider the propriety of the district court's sentence reduction.

C.

The Government contends that the district court's decision to reduce Luskin's sentence constituted an abuse of discretion. We are constrained to agree. Although a district court has considerable latitude to reduce a sentence under Rule 35(b), its discretion is not unfettered. See United States v. Guglielmi, 929 F.2d 1001, 1005 (4th Cir. 1991) ("Despite the broad discretion so afforded, we have not hesitated to establish boundaries beyond which a district court may not go in imposing sentence."). For example, our sister circuits have held that a court's authority to reduce sentences under Rule 35(b) is limited to the reduction of "lawful" sentences. United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990); United States v. Mescaine-Perez, 849 F.2d 53, 58 (2d Cir. 1988); United States v. Colvin, 644 F.2d 703, 704 (8th Cir. 1981); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).

In this case, the district court reduced a sentence that cannot be considered lawful. In its original sentencing order, the district court imposed three consecutive sentences of five years for each violation of 18 U.S.C. § 924(c). Thereafter, the Supreme Court held in Deal that the plain language of the statute requires a defendant who is convicted of more than one violation of § 924(c) in a multi-count indictment to be sentenced to a consecutive enhanced term for each additional count. At the time Luskin was sentenced, the statutory enhancement was ten years. See Pub. L. No. 98-473, Title II, § 1005(a), 98 Stat. 1837 (1984) ("In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for ten years."). Thus, Luskin should have received non-parolable consecutive sentences of five years for his first conviction under § 924(c) and ten years for each of the other § 924(c) convictions. Luskin therefore received a windfall from the sentencing error: the court imposed a sentence that was significantly below the mandatory minimum established and mandated in § 924(c).

13

The district court's Rule 35(b) reduction of Luskin's sentence compounded this error. At the sentence reduction hearing, the court admitted that "the Supreme Court has now held that[Luskin's § 924(c) sentence] should have been five, ten, and ten, I guess." J.A. 314. Although the court acknowledged that the original § 924(c) sentence was below the mandatory minimum, it nevertheless reimposed Luskin's fifteen-year non-parolable term and significantly reduced his parolable sentence. In effect, the court made Luskin eligible for release (and parole) earlier than a similarly situated defendant compelled to serve the mandatory minimum sentence.

Luskin nonetheless maintains that the reduction should be upheld. He observes that the Government did not appeal the original § 924(c) sentence, and therefore should not be allowed to challenge it now. In addition, Luskin contends that, because he has already served the non-parolable § 924(c) sentence, the district court cannot alter or otherwise increase that sentence without implicating double jeopardy concerns. Luskin steadfastly asserts that Rule 35(b) does not authorize courts to increase sentences that have already been imposed.

Luskin's arguments miss the mark. We do not quarrel with his contention that the district court lacked the authority to increase his sentence. Indeed, we have held that Rule 35(b) permits only the reduction of lawfully imposed sentences. See, e.g., United States v. Stump, 914 F.2d 170, 173 (9th Cir. 1990). Luskin ignores, however, that his § 924(c) sentence was ten years below the twenty-five-year statutory minimum established by the statute, and was therefore unlawful. See Deal, 508 U.S. at 131-33.

Although Luskin's parolable sentence was lawfully imposed, the district court was obligated to recognize its earlier error regarding the non-parolable sentence when it considered Luskin's Rule 35(b) motion. Cf. Hillary, 106 F.3d at 1172 (recognizing that "`we view consecutive sentences in the aggregate, not as discrete segments'" (quoting Garlotte v. Fordice, 515 U.S. 39 (1995))). Because Luskin's initial sentence, as a unified whole, was contrary to law, the district court's reduction thereof pursuant to Rule 35(b) constituted an abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.") (citations omitted).

14

III.

Pursuant to the foregoing, we vacate the district court's November 2, 2000 order and judgment reducing Luskin's sentence and remand the matter for further proceedings consistent herewith.

<u>VACATED AND REMANDED</u>

15