**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-7021**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SAMUEL PARRIS,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:08-cr-00063-MR-7)

─────────────

Argued: December 8, 2015                Decided: February 11, 2016

─────────────

Before AGEE and HARRIS, Circuit Judges, and Theodore D. CHUANG, United States District Judge for the District of Maryland, sitting by designation.

─────────────

Vacated and remanded by unpublished opinion. Judge Agee wrote the opinion, in which Judge Harris and Judge Chuang joined.

─────────────

**ARGUED**: Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF**: Ross Hall Richardson, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

AGEE, Circuit Judge:

Samuel Parris appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on an amendment to the U.S. Sentencing Guidelines. We vacate and remand the district court's order because the court erroneously found that it the lacked legal authority to reduce Parris' sentence below the statutory minimum term of incarceration.

I.

A.

In 2008, Parris pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. This offense carries a mandatory-minimum sentence of 120 months imprisonment. See 21 U.S.C. § 841(b)(1)(A).[1] The probation office prepared a presentence report that calculated Parris' offense level at 29 and his criminal history category at VI, resulting in a guideline range of 151-188 months imprisonment.

Before sentencing, the Government moved, pursuant to "Section 5K1.1 of the Sentencing Guidelines and Title 18, United

---

[1] This opinion omits internal marks, alterations, citations, emphasis, or footnotes from quotations unless otherwise noted.

States Code, Section 3553(e)," for a downward departure from the applicable guideline range to reflect Parris' substantial assistance. J.A. 28 (emphasis added). The Government's motion recommended that Parris receive a four-level departure, thereby putting his guideline range at 110-137 months, with the low-end of that range below the statutory minimum sentence of 120 months.

A substantial-assistance motion authorizes a sentencing court to deviate from the guideline range should it deem that course appropriate under the sentencing factors. Such a motion under 18 U.S.C. § 3553(e) authorizes the court to sentence a defendant below the term otherwise required by an applicable statutory minimum sentence. See United States v. Williams, 687 F.3d 283, 286-87 (6th Cir. 2012). A motion under § 5K1.1, by contrast, only authorizes a departure from the calculated guideline range, but not below the statutory minimum sentence otherwise required. See United States v. Johnson, 393 F.3d 466, 470 n.4 (4th Cir. 2004). In other words, "[a] § 3553(e) motion allows the district court to depart below both the statutory minimum sentence and the low-end of the Guideline range. However, a § 5K1.1 motion does not allow the court to depart below the statutory minimum sentence." Id. "When a statutory minimum sentence is involved in the case, a § 5K1.1 motion is less defendant-friendly than a § 3553(e) motion." Id.

4

At Parris' sentencing hearing, the court heard argument from the Government in support of its substantial assistance motion. The court then granted the Government's motion without limitation:

> For the reasons set forth in the written motion for downward departure, as well as those orally articulated by the U.S. attorney, the court determines that the motion for downward departure should be and the same is allowed. And the court concludes that a final offense level of 25, criminal history category VI with a guideline range of 110 to 137 months is correct in this case.

J.A. 21. Following further argument, the court imposed a sentence of 120 months, equal to a 21% reduction below the original guideline range, but at the statutory minimum.

Although the sentencing court granted the Government's motion in full during the hearing, the corresponding docket entry stated "MOTION for Downward Departure pursuant to U.S.S.G. 5K1.1 – granted." J.A. 4. In the statement of reasons form, the sentencing court checked the box indicating that a mandatory minimum sentence was entered, and a separate checkbox indicating that the sentence was below the mandatory minimum pursuant to a § 3553(e) motion went unmarked. Thus, in contrast to the court's ruling stated ore tenus from the bench at the sentencing hearing, the court's written judgment arguably indicates that the Government's motion was granted only under § 5K1.1.

5

This distinction is relevant because this case ultimately centers on whether the sentencing court granted the Government's substantial-assistance motion under § 3553(e), § 5K1.1, or both. In turn, that finding governs whether the district court abused its discretion in ruling on the current § 3582(c)(2) motion under the belief it lacked the power to depart below the statutory minimum sentence.

                                 B.

Parris filed the instant motion seeking a sentence reduction under Amendment 782 to the U.S. Sentencing Guidelines, which generally reduces by two points the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. The probation office prepared a resentencing report that indicated Parris' offense level fell to 27 using Amendment 782, resulting in a new guideline range of 130-162 months. The report further noted that, because Parris' current sentence was below the original guideline range based on his assistance to the Government, he was eligible for a comparable reduction below the new guideline range. Finally, the report explained that Parris also qualified for a revised sentence below the mandatory minimum because the substantial-assistance motion was based on § 3553(e). The probation report ultimately recommended a comparable sentence reduction to 103 months.

6

The Government filed a response in which it agreed with the probation report's recommendation, noting that "[s]ince Parris received a downward departure pursuant to the Government's § 3553(e) and § 5K1.1 motion, a reduction comparably less to the low-end of Parris' amended Guidelines range results in a term of imprisonment of 103 months." J.A. 74.

As the judge who originally sentenced Parris had since retired, the current sentencing proceeding was assigned to another judge. The assigned judge denied Parris' motion, concluding he lacked authority to depart from the existing sentence of 120 months because it was a statutory minimum sentence. In relevant part, the court held:

> Defendant is not eligible for a reduction. He received the mandatory minimum sentence. It is true that the Government moved for a downward departure pursuant to USSG § 5K1.1 and for a sentence below the mandatory minimum pursuant to 18 USC § 3553(e). It appears, however, that only the 5K1.1 was granted. There is nothing in the record to show that the 3553(e) was granted. The text order of January 28, 2009, reflects only the granting of the 5K1.1, and the Statement of Reasons does not show any § 3553(e) motion being granted. Most tellingly, the Government had moved for the Court to depart downward to 110 months, which is below the mandatory minimum, but the Court nonetheless imposed a sentence at the mandatory minimum of 120 months. . . . In sum, Defendant has pointed to nothing in the record showing that any § 3553(e) motion was ever granted.
>
> Since Defendant received the mandatory minimum sentence and no motion has been

7

> granted allowing a sentence below that mandatory minimum, Defendant is not eligible for any relief pursuant to 18 USC § 3582.

J.A. 38. In sum, the district court determined that it lacked authority to depart any further from the current sentence because it was the statutory minimum and the original sentencing court had not granted the Government's § 3553(e) motion which would have permitted a departure below that threshold.

Parris timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.


## II.

Parris challenges the district court's judgment on two grounds. First, he disputes the court's legal conclusion that a § 3553(e) motion must be granted before a sentence may be reduced below the statutory minimum under Amendment 782 and the applicable regulations. Alternatively, he contests the court's finding that the sentencing judge did not grant the Government's § 3553(e) motion. We address only the latter argument because it is dispositive of this appeal.

The district court's finding at issue -- that the Government's § 3553(e) motion was never granted -- is based on its interpretation of the sentencing court's earlier judgment. Our case law instructs that the interpretation of a prior order is ultimately a legal question with substantial deference

8

afforded to the district court's construction. See Anderson v. Stephens, 875 F.2d 76, 80 n.8 (4th Cir. 1989). This "substantial deference" essentially amounts to abuse of discretion review. See Wolfe v. Clarke, 718 F.3d 277, 284 (4th Cir. 2013) ("[W]e review a district court's interpretation of its own orders for abuse of discretion."); see also United States v. Luskin, 16 F. App'x 255, 262 (4th Cir. 2001).[2]

A district court abuses its discretion if its decision is guided by erroneous legal principles or rests upon clearly erroneous factual findings. See United States v. Barber, 119 F.3d 276, 283 (4th Cir. 1997) (en banc). We are authorized to review the record and reasons offered by the district court and reverse if the "appellate court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 506 (4th Cir. 1977).

To be sure, we will afford a wide berth to a trial court interpreting its own prior judgment and will question that

---

[2] There is out of circuit authority suggesting that de novo review without any degree of deference is more appropriate when the reviewing judge did not direct or author the first judgment, as is the case here. See, e.g., United States v. Spallone, 399 F.3d 415, 423-24 (2d Cir. 2005). We need not wade into that issue today because Parris prevails even applying the abuse of discretion standard.

interpretation only in rare cases. This, however, is such a case. The district court abused its discretion here by failing to give appropriate deference to the sentencing court's oral findings stated from the bench.

Although a court speaks through its judgments and orders, in federal criminal cases the general rule is that the oral pronouncement of the sentence governs. See Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962).[3] Consequently, a court "should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing." United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965); see also United States v. Schultz, 855 F.2d 1217, 1225 (6th Cir. 1988) ("[W]hen an oral sentence conflicts with the written sentence, the oral sentence controls."). Only in the event of an unresolvable ambiguity at the sentencing hearing have we before authorized turning to the criminal judgment and other written evidence to discern intent. See United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003); see also United States v. Villano, 816 F.2d 1448, 1450 (10th Cir. 1987) (en banc) ("When an orally pronounced sentence is ambiguous,

---

[3] While the rule is the opposite in many state courts, see Amin v. Cty. of Henrico, 63 Va. App. 203, 209 (2014) ("Because a circuit court speaks only through its orders, we look to the sentencing order . . . to discern its holding."), the federal rule is clear.

however, the judgment and commitment order is evidence which may be used to determine the intended sentence.").

Instead of letting the oral pronouncements of the sentencing court guide its analysis, the district court below turned immediately to the written clerical record and statement of reasons, remarking that they "reflect[ed] only the granting of the 5K1.1." J.A. 38. The court's conclusion rested entirely on its observation that the original written sentencing order and corresponding docket entries did not evidence the Government's § 3553(e) motion. This approach is contrary to the controlling case law and is an abuse of the district court's discretion. See United States v. Pembrook, 609 F.3d 381, 383 (6th Cir. 2010) (explaining that a "district court abuses its discretion when it . . . applies the law improperly").

Focusing on the sentencing colloquy, as we must, we have little trouble concluding that the sentencing judge granted the § 3553(e) motion. The Government's substantial assistance motion unequivocally cited both § 3553(e) and § 5K1.1 as grounds for departure. At the sentencing hearing, the court made no distinction between the statutory and guidelines grounds for departure, and instead endorsed the Government's motion "[f]or the reasons set forth in the written motion." J.A. 21. The clear conclusion to be drawn from the sentencing court's oral ruling is that the court, in fact, granted the Government's

11

motion on both grounds.  See United States v. Taylor, 414 F.3d 528, 533 (4th Cir. 2005) ("[T]he intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence.").

Moreover, after granting the Government's substantial assistance motion without qualification, the court recited the applicable guideline range as 110-137 months.  The lower end of this range plainly falls below the statutory minimum of 120 months.  The court's conclusion that the applicable sentencing range was below the statutory minimum sentence reflects that the court did not consider itself constrained to the statutory sentencing floor, which could only be the case if the court had granted the § 3553(e) motion.  As Parris points out, "[i]f the court had considered itself bound by the mandatory minimum . . . it would have stated here that the low end of the range was 120 months, not 110 months."  Opening Br. 17.  We find Parris' observation on point.  See United States v. Glover, 686 F.3d 1203, 1204 (11th Cir. 2012) ("Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum . . . became the guidelines range . . . .").

On appeal, the Government has changed its position from that taken below.  It now maintains that the district court correctly looked to the written materials in this case because

12

the record is ambiguous about the outcome of its § 3553(e) motion. The sentencing court did not "explicitly state that [he] was granting the . . . § 3553(e) motion," the Government contends. Response Br. 17. As recited above, however, the sentencing judge wholly adopted the Government's motion that expressly invoked § 3553(e). That motion plainly states that the Government moves pursuant to "Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e)" for a downward departure to reflect Parris' substantial assistance. J.A. 28 (emphasis added). In turn, the district court's ruling ore tenus was explicit: "For the reasons set forth in the written motion for a downward departure . . . the court determines that the motion for downward departure should be and the same is allowed." Id. at 21. Nothing in the sentencing court's bench ruling indicates anything but a grant of the substantial assistance motion on the grounds pled: § 5K1.1 and § 3553(e). In the context of sentencing, we often uphold orders that are granted by reference to a written submission without added clarification, see, e.g., United States v. Brame, 448 F. App'x 364, 367 (4th Cir. 2011); United States v. Trotman, 406 F. App'x 799, 806 (4th Cir. 2011), and we see no reason to require more here.

Alternatively, the Government argues that the fact that the judge imposed a sentence of 120 months, which falls right at the

13

statutory minimum, indicates that the § 3553(e) motion was not granted. We are unpersuaded this point creates ambiguity, let alone a discrepancy sufficient to allow the district court to consult only the written record. See Equitable Life Assur. Soc. of U.S. v. Deem, 91 F.2d 569, 575 (4th Cir. 1937) ("[I]t is not permissible for courts by a strained and over-refined construction of ordinary words to create an ambiguity which would not otherwise exist."). The fact that the sentencing court imposed the statutory minimum sentence does not prove that the sentencing judge, who had just granted the Government's motion and recited a guideline range below the statutory minimum, thought that he lacked the authority to impose a lesser sentence. The Government fails to appreciate that nothing from the sentencing transcript hints that the sentencing judge thought himself constrained to impose the statutory minimum sentence. Instead, as described, the court specifically identified the applicable guideline range as falling below the statutory minimum due to the Government's motion. On this record, we find it more likely that the sentencing judge simply found 120 months to be the most appropriate sentence, not that he silently rejected the § 3553(e) motion.

In sum, the district court erred when it failed to focus on the sentencing court's oral ruling in its inquiry as to whether the sentencing court granted the Government's § 3553(e) motion.

Instead, it looked only to the written record to find an ambiguity, and with this view of the evidence, wrongly surmised that the § 3553(e) motion was never granted. Applying the correct framework, we must reach the opposite conclusion: the substantial assistance motion was granted under § 3553(e) and therefore the district court was authorized to depart below the statutory minimum sentence. Accordingly, the district court abused its discretion in rejecting Parris' 18 U.S.C. § 3582(c)(2) motion on the ground that it lacked legal authority to award a sentence reduction. See Williams, 687 F.3d at 285-86.

Parris appears to suggest that we should forge ahead and award the downward departure ourselves. This we cannot do. Parris' eligibility for a reduction does not entitle him to a lower sentence. Whether, and to what extent, a reduction is warranted here are decisions left to the discretion of the district court, as guided by the applicable sentencing factors. See United States v. Williams, 808 F.3d 253, 263 (4th Cir. 2015).


III.

Pursuant to the foregoing, we vacate the judgment of the district court and remand this case for further proceedings.

VACATED AND REMANDED

15