**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                       No. 96-7463

MISTER T. HILLARY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-91-211-JFM, CA-96-1842-JFM)

Argued: January 30, 1997

Decided: February 14, 1997

Before HALL and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by published opinion. Judge Hall wrote the
opinion, in which Judge Ervin and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Brent Jefferson Gurney, Assistant United States Attorney,
Greenbelt, Maryland, for Appellant. Denise Charlotte Barrett, Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellee. **ON
BRIEF:** Lynne A. Battaglia, United States Attorney, Greenbelt,
Maryland, for Appellant. James K. Bredar, Federal Public Defender,
Baltimore, Maryland, for Appellee.

_____

**OPINION**

HALL, Circuit Judge:

The United States appeals an order of the district court denying its request that the defendant be resentenced on a surviving drug conviction after being granted relief from his 18 U.S.C.§ 924(c) firearms "use" conviction in light of Bailey v. United States, 116 S.Ct. 501 (1995). The district court held that it lacked jurisdiction under 28 U.S.C. § 2255 to resentence. We disagree; hence, we vacate the judgment and remand for resentencing.

I.

Mister T. Hillary was a crack cocaine dealer. He was arrested at his apartment; in addition to drugs and cash, the police found five handguns and seven boxes of ammunition. Hillary was charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). After a jury trial in August 1991, he was convicted of both counts. He was later sentenced to 78 months on the drug count and five years consecutive for the § 924(c) conviction. Hillary appealed his convictions to this court; we affirmed them in an unpublished per curiam opinion. United States v. Hillary, No. 91-5699 (4th Cir. August 13, 1992).

Three years later, the Supreme Court held that this circuit, along with most others, had defined "use" of a firearm under § 924(c) too broadly. Bailey v. United States, 116 S.Ct. 501, 506 (1995) (to prove "use," government must show that weapon was"actively employed").

Just a few months after Bailey was announced, counsel for Hillary called the Assistant United States Attorney to request consent that Hillary's § 924(c) conviction be vacated. The government contended -- and still contends -- that there was sufficient evidence to support a § 924(c) conviction under the "carry" prong, but conceded that the jury instructions were erroneous and that it was impossible to know beyond a reasonable doubt whether the jury reached a constitutional

2

verdict. Hence, the government was prepared to consent to vacating the conviction. On the other hand, the government requested that defense counsel consent to resentencing on the drug count, which would give the government the opportunity to argue that Hillary's sentence should be enhanced by two levels under U.S.S.G. § 2D1.1(b)(1) for his possession of a firearm. The propriety of such an enhancement had not been adjudicated at the original sentencing, because the enhancement does not apply to possession of a weapon for which the defendant has been convicted under§ 924(c). U.S.S.G. § 2K2.4 comment. (n.2 & backg'd). Defense counsel refused.

On May 2, 1996, defense counsel wrote to the district court describing the parties' positions. On May 9, under the mistaken impression that the government had no objection, the district court vacated Hillary's § 924(c) conviction. The government then moved to reconsider. The district court acknowledged its mistake, granted reconsideration, and vacated its earlier order. Further, the court suggested that Hillary file a 28 U.S.C. § 2255 motion so that the legal issues could be resolved in a formal adversary proceeding. Hillary filed such a motion.

The court held a hearing on July 23, 1996. On August 6, the court issued a memorandum opinion and order vacating Hillary's conviction, but denying the government's request for resentencing, concluding that it lacked jurisdiction to do so. Hillary v. United States, No. JFM-96-1842 (D. Md. Aug. 6, 1996, as amended Aug. 7, 1996).

The government appeals.

II.

This case presents yet another of the sometimes perplexing issues engendered by the Bailey decision and the years of settled (albeit erroneous) practice that it upset. We have already decided that where Bailey requires reversal of a § 924(c) conviction on direct appeal, we may remand for resentencing on related drug counts, so long as the government agrees to forgo reprosecution on the§ 924(c) count. United States v. Hawthorne, 94 F.3d 118, 122 (4th Cir. 1996). The issue here is whether a similar rule should apply on collateral review.

3

We start where we should always start: with the statutory language. Section 2255 states, in relevant part (emphasis added):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

> . . . If the court finds that the judgment was entered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The italicized language confers a "broad and flexible" power to the district courts "to fashion an appropriate remedy." United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992) (district court could resentence defendant to reflect specific performance of plea agreement breached by government, rather than simply vacate conviction and permit new plea); see also Schlup v. Delo, 513 U.S. 298 (1995) (habeas relief is equitable in nature). Certainly the most "appropriate" remedy is to put § 2255 defendants in the same boat as direct appellants, i.e. to permit resentencing. The question, though, is whether the district court's collateral-review jurisdiction extends that far. The only Court of Appeals to have yet considered the question has held that it does. United States v. Smith, 103 F.3d 531 (7th Cir. 1996). The weight of district court opinion is likewise.[1]

---

[1] As might have been expected, Bailey has unleashed a flood of § 2255 petitions on the district courts, and the authority of the court to resen-

4

The defendant argues, and the district court held, that § 2255 relief is available to the prisoner, not the government, and the prisoner can shape his attack on his "sentence" any way he likes. He sought relief from his § 924(c) "sentence," and, according to Hillary, there is therefore no jurisdiction to do anything to the drug"sentence." This argument certainly has the virtue of simplicity and the clarity of the bright line. It is in fact quite plausible if one use the term "sentence" in a discrete, offense-specific fashion.

Unfortunately for Hillary, however, § 2255 neither uses "sentence" in that fashion nor embraces bright lines. To show why, we turn back to the statute's language. The § 2255 petitioner must be "in custody" under a "sentence." Here, because the § 924(c) conviction's five-year term is consecutive to the drug count's 78 months, the count-specific "sentence" under which Hillary is in custody is the drug count's.

How, then, can he challenge his § 924(c) "sentence" before he begins to serve it? He can do so only because the Supreme Court has held that, for jurisdictional purposes, consecutive sentences must be viewed in the aggregate. Peyton v. Rowe, 391 U.S. 54, 56, 64-65 (1968) (prisoner serving consecutive sentences is"in custody" under any of them for purposes of § 2241); Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (§ 2254 petitioner may challenge prior, expired sentence to which current sentence was consecutive, because "we view consecutive sentences in the aggregate, not as discrete segments.")

Therefore, argues the government, inasmuch as the"sentence" conferring § 2255 jurisdiction includes Hillary's drug conviction, the "sentence" to which the district court's broad and flexible § 2255 remedial power applies also includes it. We agree. The same word in the same section of the same statute generally means the same thing.

_____

tence has been an issue in nearly every case. A comprehensive inventory of those cases would serve no useful purpose here, but, for a sample of the typical opposing views, compare United States v. Tolson, 935 F.Supp. 17, 19-20 (D.D.C. 1996), with Warner v. United States, 926 F.Supp. 1387 (E.D. Ark. 1996).

5

Further support for the government's position is found in recent circuit precedent. In United States v. Silvers , 90 F.3d 95 (4th Cir. 1996), the § 2255 petitioner challenged his conviction for operating a continuing criminal enterprise (CCE). A lesser-included conspiracy conviction had been previously vacated because of double jeopardy.**2** The district court determined that the defendant was entitled to relief from his CCE conviction, and then sua sponte reinstated the vacated conspiracy count and resentenced the defendant. The court also restructured the concurrent/consecutive nature of various sentences in a way that reimposed sentences for counts on which the previous offense-specific sentence had already been discharged.

We affirmed the reimposition of the vacated conspiracy conviction: on correcting the error complained of in a § 2255 petition, the defendant may be "placed in exactly the same position in which he would have been had there been no error in the first instance." 90 F.3d at 99. We explained that the defendant has no expectation in the "finality" of those portions of the judgment he does not challenge on § 2255 because "he requested that the prior sentence be nullified." We could only have been using "sentence" in its aggregate sense here, just as the Supreme Court did in Peyton and Garlotte.

The other part of the Silvers holding is also relevant here. Because of the nature of consecutive offense-specific sentences, some will be discharged before others. In that event, we held that a court violates double jeopardy by imposing a new sentence for one that has been fully discharged. This holding is consistent with reading the in-custody "sentence" at the beginning of § 2255 as congruent with the "sentence" to which the district court's remedial power extends. Inasmuch as the petitioner in Silvers was no longer "in custody" under his discharged consecutive sentences, the court had no§ 2255 jurisdiction to disturb them, though it could still resentence as appropriate on all undischarged sentences.

_____

**2 See Rutledge v. United States** , 116 S.Ct. 1241 (1996) (convictions for continuing criminal enterprise and underlying conspiracy are impermissible).

6

III.

Hillary also urges us to affirm the judgment for policy reasons. He argues that recognizing a district court's power to correct any extant portion of the defendant's "sentence" may allow the government to relitigate sentencing issues that were decided against it and about which it declined to appeal. For example, drug weights may be augmented by new evidence, or the defendant may be shown to have played a greater role in the offense than first believed.

The short answer to this short parade of horribles is that we decide cases one at a time.**3** Though the district court has broad and flexible power, § 2255 nonetheless commands that that power be exercised in an "appropriate" fashion, and we will not hesitate to correct abuses of the district court's discretion. Today we hold only that (i) where a sentencing issue was not actually litigated and resolved in the original proceeding, and (ii) the failure to so litigate the issue was directly caused by the error in the judgment of which the § 2255 petitioner complains, it is "appropriate" for the district court to resolve the issue in correcting the petitioner's sentence.

IV.

In closing, we note that we have expedited the argument and decision of this case because the active portion of Hillary's drug sentence is currently set to expire on February 24, 1997. We held in Silvers that double jeopardy barred resentencing of a § 2255 petitioner on convictions for which he had fully discharged his sentence. We express no opinion on whether this rule would bar resentencing of Hillary after February 24. Hillary yet has a term of supervised release to serve; moreover, his filing of this § 2255 case before discharging his drug conviction, our decision today, or both may deprive him of any interest in the finality of the original sentence. In any event, these are substantial double jeopardy issues, and we think it foolish to confront them while time permits otherwise. Accordingly, we will direct that Hillary's resentencing take place as soon as is just and practical.

---

**3** Another short answer is that relitigation of settled issues, if ever "appropriate," should be as available to the defendant as the government.

7

The judgment of the district court is vacated, and the case is remanded with instructions to resentence Hillary before February 24, 1997. The mandate shall issue forthwith.

VACATED AND REMANDED

8