**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 97-4055

JOHN WESLEY LEE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-91-173)

Submitted: August 29, 1997

Decided: September 26, 1997

Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Augustus S. Hydrick, Jr., Richmond, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, James B. Comey, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1992, John Wesley Lee, Jr., pled guilty to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994), and to using or carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1997). He was sentenced to seventy-eight months imprisonment on the drug charge and a consecutive sixty month sentence on the firearms offense, to be followed by three years of supervised release.

Following the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Lee filed a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), requesting that the gun conviction be vacated. The government consented, on the ground that the facts did not support a § 924(c) conviction under Bailey. The district court granted the motion to vacate the sentence imposed on the § 924(c) conviction, and ordered that Lee be brought before the court for resentencing. The district court held that U.S. Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1996), applied, and enhanced the offense level by two levels. Lee was resentenced to ninety-seven months on the drug trafficking count, followed by three years supervised release. He appeals his resentencing, and we affirm.

Lee was arrested after selling cocaine base to a confidential informant at Lee's apartment. A search of the apartment revealed one ounce of crack cocaine and over $6000 in cash. A loaded handgun was found on an upper shelf of the closet in Lee's bedroom, where it could easily be reached. Another weapon was found unloaded in another bedroom between the mattress and box springs. Ammunition for the weapon was found in that bedroom, as well.

Section 2D1.1(b)(1) provides that, in sentencing for certain drug crimes, the base offense level should be increased two levels if the defendant possessed a dangerous weapon. Lee argues that the enhancement should not have been applied to him on resentencing. He claims that the weapons were not closely related to the drug

2

offense, and relies on USSG § 2D1.1, comment. (n.3) to support his position:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

This court has held that the government can seek resentencing for application of the § 2D1.1(b)(1) enhancement when a § 924(c) conviction has been vacated pursuant to a § 2255 motion. United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997). We review the district court's factual findings at sentencing for clear error. United States v. Melton, 970 F.2d 1328, 1332-33 (4th Cir. 1992). Lee's argument that the weapons were not related to the drug trafficking offense is not supported by the record. The loaded .380 handgun in Lee's bedroom was in the same room and within easy reach of drugs, cash, and drug paraphernalia. During the guilty plea colloquy, the district court asked Lee, "did you have [the guns] there with you?" and Lee responded, "Yes, sir." In his interview with the probation officer, Lee admitted that he was selling cocaine to "get by" and he had the firearms for "protection." Thus, the adjustment was properly applied.

Therefore, we conclude that the district court was not clearly erroneous in finding that at least one of the weapons was present and connected with the offense. We affirm the judgment of the district court on resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3