**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4439

EWIN HENRIQUES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4440

PHILLIP HENRIQUES,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-93-89-P)

Submitted: December 8, 1998

Decided: December 31, 1998

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. Gronquist, Charlotte, North Carolina; Calvin E. Murphy,
MURPHY, CHAPMAN & MILLER, P.A., Charlotte, North Carolina,

for Appellants. Mark T. Calloway, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Ewin and Phillip Henriques, appeal their sentences after resentencing for their convictions for conspiracy to possess with intent to distribute and to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a), 846 (1994). The Appellants pled guilty and at re-sentencing each received a sentence of 300 months of imprisonment. The Appellants allege that the district court erred in applying a two-level sentencing enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997) for use of a dangerous weapon. Finding no error, we affirm.

In 1997, the Appellants challenged their convictions on several grounds in 28 U.S.C.A. § 2255 (West Supp. 1998) motions. The Government opposed the motions on all claims, except that the convictions on the 18 U.S.C. § 924(c) counts were improper in light of Bailey v. United States, 516 U.S. 137 (1995). The Government moved to dismiss the convictions, but argued that the Appellants should be resentenced pursuant to United States v. Hillary , 106 F.3d 1170 (4th Cir. 1997). The district court dismissed the firearms convictions, but re-opened the proceedings for an evidentiary hearing to determine whether the § 2D1.1 enhancement should be applied. The district court found that the enhancement should be applied and re-sentenced each Appellant with the enhancement. The Appellants appeal from these sentences.

This court reviews a district court's finding that a defendant possessed a dangerous weapon under USSG § 2D1.1(b)(1) for clear error.

2

See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). We review factual findings related to Sentencing Guidelines for clear error. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994).

The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). In order to avoid application of the adjustment, the defendant must show that the connection between the drug offense and the dangerous weapon possession was clearly improbable. See United States v. Harris , 128 F.3d 850, 852-53 (4th Cir. 1997). The proximity of drugs to the dangerous weapon is sufficient to warrant the adjustment. Id. at 852.

The Appellants and Geoffrey Cousins were named in the same indictment for involvement in a cocaine and heroin distribution conspiracy. Cousins moved into Ewin Henriques' house on Clyde Drive in Charlotte, North Carolina for the purpose of packaging heroin for distribution. The Presentence Report (PSR) indicated that a 20-gauge and a 12-gauge shotgun were kept at the house to protect the money and drugs there. The report also stated that, in August 1992, a Charlotte drug gang known as "The Posse" raided the house on Clyde Drive. Cousins was shot and seriously wounded during the raid and soon after cooperated with police.

At the sentencing hearing there was sufficient evidence to find that the enhancement was applicable. The Government called the investigating case agent, Senior Special Agent Edward Brigham of the U.S. Immigration and Naturalization Service, to testify regarding the firearms involved in the offenses. Agent Brigham testified that in their individual interviews with him, each member of the Posse involved in the house raid admitted that they took from the stash house "numerous firearms, variously described as a .38 caliber pistol, a .357 caliber Magnum pistol, a 12-gauge and a 20-gauge shotgun." (J.A. 47, 48). Agent Brigham also testified that the 12-gauge shotgun was a weapon that could be construed as a rifle, due to its construction. He testified that Cousins stated that a rifle and a shotgun were kept at the stash house, and that Ewin Henriques kept them for the purpose of protecting heroin and heroin sale proceeds. Finally, Brigham testified that task force members recovered a 12-gauge and 20-gauge shotgun from the Posse during their investigation of the gang, and that Posse

3

members identified those firearms as the ones taken from the stash house.

Agent Brigham also testified that both Ewin and Phillip Henriques maintained the stash house and oversaw the distribution organization. Brigham also testified that another participant in the conspiracy, Anthony White, told him that Ewin Henriques personally gave White a .32 caliber pistol for protection of himself and the drugs during the sale of cocaine.*

We therefore find that the district court did not clearly err in applying the enhancement. See Jones, 31 F.3d at 1315. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*The Government also relies upon testimony by Brigham regarding an incident related to him by Cousins. Cousins stated that after he agreed to cooperate with law enforcement, the Appellants ran him off the road, exited from their vehicles, and pulled weapons from their belts. Because the other evidence of firearms related to the offenses is strong, we do not rely upon this incident in determining that the district court did not err in applying the enhancement.

4