**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4208

DESI LAMONTE MCEACHIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-92-158)

Submitted: August 17, 1999

Decided: August 30, 1999

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert B. Rigney, PROTOGYROU & RIGNEY, P.L.C., Norfolk,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Arenda L. Wright Allen, Assistant United States Attorney, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Desi Lamonte McEachin pled guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(l) (1994), and using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1999). McEachin then filed a motion under 28 U.S.C.A. § 2255 (West Supp. 1999) challenging his firearms conviction under the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). The district court granted the motion and ordered a resentencing hearing over McEachin's objection. On resentencing, the district court enhanced McEachin's sentence for the drug conviction pursuant to USSG § 2D1.1(b)(1). See U. S. Sentencing Guidelines Manual (1998). On appeal, McEachin challenges the district court's jurisdiction to resentence him and the court's application of the sentencing enhancement.

We have held, and McEachin concedes, that a district court has jurisdiction to resentence a defendant on a surviving drug conviction after he has been granted collateral relief from his § 924(c) conviction based on Bailey. See United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997). We decline to revisit this issue and, accordingly, McEachin's first claim fails.

McEachin also claims that the district court erred in applying a two-level enhancement for use of a dangerous weapon because there was insufficient proof that the firearms were connected to the drug offense. See USSG § 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). In order to avoid application of the adjustment, the defendant must show that the connection between the drug offense and the dangerous weapon possession was clearly improbable. See United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997). The proximity

2

of drugs to the dangerous weapon is sufficient to warrant the adjustment. Id. at 852. Here, the weapons were found in a closet in McEachin's bedroom in which officers found 103.7 grams of crack cocaine. We find this evidence sufficient to support the enhancement under § 2D1.1(b). Therefore, the district court did not clearly err in imposing a two-level increase in McEachin's sentence. See United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992) (reviewing § 2D1.1(b)(1) enhancement for clear error).

Therefore, we affirm McEachin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED