**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　No. 00-4848

RALPH RAMEY,
　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-92-140)

Submitted: September 25, 2001

Decided: October 17, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael R. Cline, MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John K. Cecil, Third-Year Law Student, William Crichton, VI, Third-Year Law Student, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ralph Ramey appeals from the sentence imposed by the district court upon remand by this court in a prior appeal. We affirm.

Ramey was convicted of four federal offenses arising out of the arson of a mobile home occupied by an interracial couple. He was originally sentenced to a total of 168 months imprisonment and ordered to pay $10,766.97 in restitution. This court later vacated Ramey's arson conviction and remanded for resentencing based on the Supreme Court's decision in *United States v. Jones*, 528 U.S. 848 (2000) (holding that federal arson statute does not apply to arson of a residence). *United States v. Ramey*, No. 98-7069 (4th Cir. June 20, 2000) (unpublished). The restitution order was vacated as well and remanded in order for the district court to make the requisite findings under 18 U.S.C. § 3664(a) (1994) (setting forth factors court must consider in determining restitution).

After remand, the district court again sentenced Ramey to a total of 168 months imprisonment on the remaining counts. He argues that the district court erred by applying the guideline for arson because his arson conviction was overturned. However, it is well settled that acquittal of an offense does not preclude a sentence enhancement based upon the same conduct. *Monge v. California*, 524 U.S. 721, 728 (1998) (holding that double jeopardy principles are inapplicable to sentencing proceedings); *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam) (holding that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence); *United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998) (same); *see also United States v. Hillary*, 106 F.3d 1170, 1172-73 (4th Cir. 1997) (collateral relief on an 18 U.S.C. § 924(c) conviction does not prevent application of sentencing enhancement for exactly the same conduct). Moreover, there is no prohibition against imposing the same sentence upon remand as originally imposed. *See, e.g.*, *Alabama v. Smith*, 490 U.S. 794 (1989) (upholding imposition of harsher sentence upon reconviction after original conviction was successfully challenged on appeal).

Next, Ramey argues that the district court erred in imposing a restitution schedule that did not reflect his earnings or disability. Our review of the record discloses that the district court made the requisite factual findings provided in § 3664(a), and that Ramey has failed to show that those findings are clearly erroneous. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

Accordingly, we affirm Ramey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*