# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNPUBLISHED

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

LENT CHRISTOPHER CARR, II,
             *Defendant-Appellant.*

No. 02-4326

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-30-HO)

Submitted: April 21, 2003

Decided: June 3, 2003

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Terry F. Rose, Smithfield, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lent Christopher Carr, II, appeals from the district court's order on remand dismissing Carr's arson conviction and re-affirming his convictions for conspiracy to commit mail fraud and for bank fraud. We affirm.

Carr's three convictions arose out of the arson of a building used as a home and church. He was originally sentenced to a total of 125 months imprisonment and ordered to pay restitution. This court later vacated Carr's arson conviction and remanded for a hearing on the interstate commerce connection regarding the arson count. *United States v. Carr*, 271 F.3d 172 (4th Cir. 2001).

After remand, the district court dismissed the arson count, re-affirmed the other counts, and again sentenced Carr to a total of 125 months of imprisonment. Carr contends that the district court should have reviewed the federal jurisdiction element and factual basis for all the offenses, and not just the arson count. Our opinion specifically limited the scope of the remand to determining whether the Government could prove a sufficient factual basis for the interstate commerce prong of the arson count.

Next, Carr argues that even if review of the other counts was outside of the scope of the remand, the district court should have reviewed those counts due to blatant error. A district court may consider issues foreclosed by the mandate in the following "extraordinary circumstances": (1) change in controlling legal authority, (2) significant new evidence, or (3) a blatant error resulting in serious injustice. *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993). We find that the judgment does not reflect any blatant error.

Next, Carr argues that the district court erred by applying the guideline for arson when sentencing him for the mail fraud conviction because his arson conviction was dismissed. However, it is well settled that acquittal of an offense does not preclude a sentence enhancement based upon the same conduct. *Monge v. California*, 524 U.S.

721, 728 (1998) (holding that double jeopardy principles are inapplicable to sentencing proceedings); *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam) (holding that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence); *United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998) (same); *see also United States v. Hillary*, 106 F.3d 1170, 1172-73 (4th Cir. 1997) (collateral relief on an 18 U.S.C. § 924(c) conviction does not prevent application of sentencing enhancement for exactly the same conduct). Moreover, there is no prohibition against imposing the same sentence upon remand as originally imposed. *See, e.g.*, *Alabama v. Smith*, 490 U.S. 794 (1989) (upholding imposition of harsher sentence upon resentencing after original conviction was successfully challenged on appeal). We therefore find no error in the sentence.

Finally, Carr argues that the district court erred in re-imposing the restitution order. Our review of the record discloses that the district court did not plainly err in re-affirming the restitution in the original order because Carr agreed in his plea agreement to make restitution to the victims of his offenses. This court's prior opinion stated that it would not vacate the guilty plea or "disturb the plea agreement between Carr and the Government." *Carr*, 271 F.3d at 181.

Accordingly, we affirm the district court's order. We deny Carr's motion to act as co-counsel during the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*