**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5003**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD B. ROBINSON, JR.,

Defendant - Appellant.

———————

**No. 04-7863**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD ROBINSON,

Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-03-105; CA-04-1702-3)

———————

Submitted: March 3, 2006          Decided: March 31, 2006

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

No. 04-5003 affirmed; No. 04-7863 dismissed by unpublished per curiam opinion.

---

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Deborah B. Barbier, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard B. Robinson, Jr., pled guilty to being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). He was sentenced to the statutory mandatory minimum term as an armed career criminal, under 18 U.S.C. § 924(e)(1) (2000), of 180 months of imprisonment. Robinson did not file a direct appeal. He filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (2000), alleging ineffective assistance of counsel and that he was incorrectly classified and sentenced as an armed career criminal.

The district court denied the motion in part as to the ineffective assistance of counsel claim, but granted it as to Robinson's challenge to his armed career criminal status, and vacated Robinson's sentence, finding that Robinson correctly argued that a prior state conviction for mere possession of a firearm should not have been counted as a violent felony, and hence a qualifying predicate offense, under the armed career criminal provisions. At resentencing, the district court, relying on United States v. Letterlough, 63 F.3d 332 (4th Cir. 1995), found that Robinson was appropriately classified as an armed career criminal based on his seven prior drug convictions. The district court resentenced Robinson to 180 months of imprisonment.

Robinson appeals from the amended judgment (No. 04-5003), and from the district court's denial of his § 2255 ineffective assistance of counsel claim (No. 04-7863). Robinson first contends that the district court erred at resentencing by allowing the Government to argue additional evidence--that five of the seven counts of drug distribution were separate offenses and thus counted as five predicate offenses--in classifying him as an armed career criminal. This court reviews the district court's application of the sentencing enhancements de novo and factual findings with respect to sentencing for clear error. United States v. Bollin, 264 F.3d 391, 415 (4th Cir. 2001). Robinson does not contest that five of the seven convictions of cocaine base distribution are separate offenses under Letterlough. Rather he argues that his sentence was vacated for insufficient evidence to prove Robinson should have been classified as an armed career criminal, and thus, under United States v. Parker, 30 F.3d 542 (4th Cir. 1994), the Government is barred from presenting additional evidence on resentencing.

Robinson's reliance on Parker is misplaced. In Parker, we found there was insufficient evidence to prove beyond a reasonable doubt that Parker's 21 U.S.C. § 841 (2000) violation occurred within 1000 feet of a playground, as defined in 21 U.S.C. § 860 (2000), and thus, he should not have been convicted or sentenced under § 860, which doubled the potential penalty.

<u>Parker</u>, 30 F.3d at 553. We held that on resentencing, the Government should not be afforded a second opportunity to prove that the violation occurred within 1000 feet of a playground. <u>Parker</u>, 30 F.3d at 553-54. Here, contrary to <u>Parker</u>, the evidence relied on by the Government to classify Robinson as an armed career criminal was contained in the original presentence report, which indicated that Robinson had pled guilty to seven counts of distribution of crack cocaine that occurred between September 18, 1991, and October 9, 1991. Moreover, <u>Parker</u> involved a disputed question of fact, which is not the case here because Robinson has not disputed any fact contained in his presentence report or amended presentence report. We find there was sufficient information inherent in the facts of the prior convictions for the district court to impose an armed career criminal sentence without additional fact finding. <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 282-83 (4th Cir. 2005), <u>cert. denied</u>, __ U.S. __, 2006 WL 521274 (U.S. Mar. 6, 2006) (No. 05-7266).

Further, "where a sentencing issue was not actually litigated and resolved in the original proceeding, and [] the failure to so litigate the issue was directly caused by the error in the judgment of which the § 2255 petitioner complains, it is 'appropriate' for the district court to resolve the issue in correcting the petitioner's sentence." <u>United States v. Hillary</u>, 106 F.3d 1170, 1173 (4th Cir. 1997). There was no need for the

- 5 -

Government to initially consider Robinson's multiple prior drug convictions separately because it believed the conviction for possession of a firearm was enough to establish the three required predicate offenses. On resentencing it was appropriate for the district court to consider and resolve the issue as to whether Robinson's prior convictions qualified as predicate offenses for his classification as an armed career criminal, because failure to previously resolve the issue was directly caused by the error in the judgment that Robinson successfully challenged in his § 2255 motion. Accordingly, we find the district court did not err in resentencing Robinson as an armed career criminal.

Turning to Robinson's appeal of the district court's denial of his ineffective assistance of counsel claims in his § 2255 motion, an appeal may not be taken from the district court's judgment in a § 2255 proceeding unless the appellant obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). An appellant is not entitled to a certificate of appealability unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court rejects the constitutional claims on the merits, the appellant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Robinson does not raise the issue of the district court's denial of

his § 2255 motion of his ineffective assistance of counsel claim in his brief, we find he has thereby waived it.  See Canady v. Crestar Mortgage Corp., 109 F.3d 969, 973-74 (4th Cir. 1997).  We therefore deny a certificate of appealability and dismiss appeal No. 04-7863.

In sum, we affirm Robinson's conviction and sentence in No. 04-5003 and deny a certificate of appealability and dismiss appeal No. 04-7863.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-5003 AFFIRMED
No. 04-7863 DISMISSED

- 7 -