**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4826**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

RICKY LEE GROVES,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:94-cr-00097-F-1)

_____

Submitted:  October 29, 2014      Decided:  November 7, 2014

_____

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Ricky Lee Groves was found guilty of operating a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848 (2012) (Count Two), using a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2012) (Count Three); and trading food stamps for cocaine base, 7 U.S.C. § 2024(b) (2012) (Counts 61, 68-69, 71, 73). He was sentenced in 1995 to life imprisonment on Count Two, sixty months' imprisonment on Counts 61, 68, 69, 71, 73 to run concurrently, and a consecutive sixty-month sentence on Count Three, for a total of life plus sixty months in prison. On appeal, this Court affirmed Groves' convictions and sentence. United States v. Groves, 1996 WL 346519 (4th Cir. June 25, 1996) (No. 95-5172).

In July 2011, Groves filed the underlying 28 U.S.C. § 2241 (2012) petition seeking to set aside his § 924(c) conviction (Count Three) based on Watson v. United States, 552 U.S. 74 (2007) (holding that a person does not use a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives it in trade for drugs). The Government conceded that the conviction was infirm but moved to dismiss the petition on other grounds. The court granted Groves' motion "to the extent that [he] seeks to vacate his conviction and sentence in Count Three." On October 7, 2013, the court entered an amended judgment to reflect that

2

Count Three had been vacated pursuant to § 2241. The order further read "No other changes made by the court."

On appeal, Groves contends that the district court, without acknowledging its authority to order a resentencing hearing on the remaining convictions, erroneously entered an amended judgment reinstating a sentence that was imposed under a now unconstitutional mandatory sentencing scheme. We affirm.

The district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review. United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997). In United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007), we explained that Hillary held only that the district court is authorized to conduct a resentencing in awarding relief under § 2255, not that the district court is required, in resolving every § 2255 motion to conduct a resentencing. "First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds." Id. If the district court determines that the sentence is unlawful (e.g., it violates a federal law), the court "shall vacate and set . . . aside" the sentence. Id. As we observed, "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a

3

resentencing or (b) a corrected sentence." Id. A district court need not actually vacate the original sentence if the judgment has the "practical effect" of vacating the original sentence. Id. at 661 n.8. In addition, the "new" sentence may be the same as the original sentence. Id. at 661 n.9.

Here, in awarding collateral relief under § 2241, the district court did not alter the sentencing terms imposed at Groves' original sentencing hearing. Rather, the court entered an amended judgment reflecting vacatur of Groves' conviction under Count Three. The district court's order thus was entered for the purpose of correcting the judgment, rather than imposing a sentence following a resentencing. We conclude a sentencing hearing was not required under these circumstances. See Hadden, 475 F.3d at 667 ("To 'correct' means to 'make or set right.' Merriam Webster's Collegiate Dictionary 280 (11th ed. 2004). This is precisely what the district court did here.").

We reject Groves' argument that the district court did not understand its authority to order a new sentencing hearing. While the order is silent in this regard, the record makes clear that Groves repeatedly requested resentencing, noting that this district court had done so in a previous case. The order further indicates that the district court reviewed Groves' supplemental filings in which he vigorously argued for a resentencing hearing. Moreover, given the ease with which the

4

court could excise the consecutive § 924(c) conviction from the remainder of the sentence, it is apparent the court did not see the need for a full resentencing. But see United States v. Smith, 115 F.3d 241, 245 n.4 (4th Cir. 1997); Hillary, 106 F.3d at 1171.

Last, Groves argues that a full resentencing was required in light of intervening developments since his original sentencing, namely, United States v. Booker, 543 U.S. 220 (2005) (holding that judge-found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury), Pepper v. United States, 131 S. Ct. 1229 (2011) (holding that a district court at resentencing may consider evidence of a defendant's post-sentencing rehabilitation in support of a downward variance), and Alleyne v. United States, 133 S. Ct. 2151 (2013) (holding that any fact that increases a statutory mandatory minimum sentence is element of offense that must be admitted by defendant or found by jury beyond a reasonable doubt).

The record disclosed no non-speculative grounds on which to conclude that the district court would have given Groves a lower sentence had it been applying a discretionary Guidelines regime. See Hadden, 475 F.3d at 670. In this case,

5

the district court clearly stated that, regardless of any issue with the Guidelines range, it was going to sentence Groves to life imprisonment. For this reason, we reject Groves' constitutional claims under Booker and Alleyne. See United States v. Shatley, 448 F.3d 264, 267 (4th Cir. 2006) (holding that this court must reverse unless the Government can demonstrate beyond a reasonable doubt that the court would have imposed the same sentence in the absence of the constitutional error). Last, because we conclude the district court did not abuse its discretion in declining to hold a resentencing hearing, the district court did not err in failing to consider post-offense rehabilitation under Pepper.

Accordingly, we affirm the amended criminal judgment. We deny Groves' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6