**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4011**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE WILLIE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:08-cr-00133-RAJ-TEM-1; 4:16-cv-00082-RAJ)

Submitted: August 29, 2017                    Decided: September 5, 2017

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Nicholas J. Xenakis, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2009, George Willie Davis was convicted, pursuant to a plea agreement, of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court deemed Davis both a career offender pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1 (2008) and an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) (2012). At the time of his federal sentencing, Davis had three predicate convictions to support these enhancements; he had two Virginia robbery convictions and one Virginia conviction for attempted statutory burglary. The district court imposed concurrent terms of 192 months of imprisonment on both counts, and Davis did not file a direct appeal.

In 2013, Davis filed an unsuccessful 28 U.S.C. § 2255 (2012) motion. *See United States v. Davis,* 545 F. App'x 228 (4th Cir. 2013). In June 2016, we granted Davis' motion for authorization to file a second or successive § 2255 motion in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016). *In re Davis,* No. 16-9152 (4th Cir. June 23, 2016) (unpublished order).

Davis subsequently filed a § 2255 motion in the district court, claiming that he was improperly sentenced as both an armed career criminal and a career offender in light of *Johnson* and *Welch.* Although the district court found that Davis was appropriately sentenced as a career offender, the parties agreed that, post-*Johnson*, attempted statutory burglary did not qualify as a violent felony under 18 U.S.C. § 924(e) and therefore Davis no longer qualified as an armed career criminal. The court therefore granted Davis' § 2255

2

motion and corrected his sentence on the § 922(g) count "to reduce the term of imprisonment to the applicable statutory maximum (10 years), to run concurrently with" the drug distribution count. The district court further "amended" Davis' § 922(g) sentence "to reflect that he is not an 'armed career criminal' and that he is guilty of a Class C felony . . . rather than a Class A felony." The district court provided that Davis would not be formally resentenced on either count, entered an amended criminal judgment, and granted a certificate of appealability. Davis timely appeals, arguing that the district court abused its discretion by not conducting a formal resentencing after granting him relief under § 2255.

The form of relief awarded by the district court in a successful § 2255 proceeding is reviewed for abuse of discretion. *United States v. Hadden,* 475 F.3d 652, 667 (4th Cir. 2007). The district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review. *United States v. Hillary,* 106 F.3d 1170, 1171 (4th Cir. 1997). In *Hadden,* we explained that *Hillary* held only that the district court is *authorized* to conduct a resentencing in awarding relief under § 2255—it is not *required,* in resolving every § 2255 motion, to conduct a resentencing. 475 F.3d at 661.

"First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds." *Hadden,* 475 F.3d at 661. If the district court determines that the sentence is unlawful, the court "shall vacate and set . . . aside" the sentence. *Id.* As we observed, pursuant to § 2255(b), "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence,

3

be it imposed by (a) a resentencing or (b) a corrected sentence." *Id.* A district court need not actually vacate the original sentence if the judgment has the "practical effect" of vacating the original sentence. *Id.* at 661 n.8. In addition, the "new" sentence may be the same as the original sentence. *Id.* at 661 n.9. "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Id.* at 665 (internal quotation marks omitted).

In light of these authorities, we conclude that the district court did not abuse its discretion in electing to correct Davis' sentence without holding a resentencing hearing. As properly calculated by the district court, Davis faced the same Guidelines range even without the armed career criminal enhancement due to the application of the career offender provision set forth in USSG § 4B1.1(b). Thus, the sole harm to Davis, as identified by the district court, was the increase in the statutory maximum on the § 922(g) count, which elevated the offense to a Class A felony and subjected him to higher imprisonment ranges should he later violate his conditions of supervised release. To remedy this, the district court reduced Davis' term of imprisonment on the § 922(g) count to the statutory maximum of 10 years, amended the sentence to reflect the fact that he is not an armed career criminal, and reimposed the original sentence on the drug distribution count. We discern no abuse of discretion in the district court's ruling that a sentencing hearing was not required under these circumstances. *See Hadden,* 475 F.3d at 667 ("To 'correct' means to 'make or set right.' *Merriam Webster's Collegiate Dictionary* 280 (11th ed. 2004). This is precisely what the district court did here."). We further conclude that our decision in *Hadden* forecloses Davis' argument that a resentencing hearing was

4

required under the "sentence package theory." 475 F.3d at 669 (explaining that the district court "has broad and flexible power under § 2255 to determine the nature and scope of the remedial proceedings in the first instance . . . and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correcting' a prisoner's unlawful sentence without conducting a formal 'resentencing'" (alterations and internal quotation marks omitted)).

Finally, the parties offer extensive arguments regarding whether Virginia robbery qualifies as a "crime of violence" as defined in USSG § 4B1.2(a) and therefore supports Davis' career offender enhancement. Although we recently held in *United States v. Winston,* 850 F.3d 677, 685 (4th Cir. 2017), that a conviction for Virginia common law robbery does not qualify as a violent felony under the Armed Career Criminal Act, such a conviction remains a qualifying career offender predicate under the residual clause of the career offender guideline. *See United States v. Riley,* 856 F.3d 326, 329 (4th Cir. 2017) ("Robbery . . . is a paradigmatic example of a crime presenting 'a serious potential risk of physical injury to another.' It plainly constitutes a crime of violence under the residual clause."), *petition for cert. filed,* __ U.S.L.W. __ (U.S. Aug. 7, 2017) (No. 17-5559). The residual clause in USSG § 4B1.2(a)(2) was in effect when Davis was sentenced, and his challenges to his career offender status on that basis are foreclosed by *Beckles v. United*

5

*States,* 137 S. Ct. 886, 894 (2017).  Moreover, contrary to Davis' arguments on appeal, he is not entitled to a new sentencing hearing under the current version of the Guidelines.[*]

Accordingly, we affirm the district court's order and amended judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] As stated in *Hadden,* "the goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance."  475 F.3d at 665.  Here, Davis seeks to be placed in a *better* position by asking to be sentenced under the current version of § 4B1.2(a), which no longer contains the residual clause.

6