**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6872

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK JOHNSON, a/k/a Big D,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:08-cr-00155-CMC-1; 3:16-cv-02197-CMC)

Submitted: November 27, 2018                    Decided: December 12, 2018

Before KEENAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Derrick Johnson, Appellant Pro Se. Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Johnson seeks to appeal the district court's order and amended criminal judgment granting in part and denying in part his 28 U.S.C. § 2255 (2012) motion. The court granted relief on Johnson's claim that he was improperly sentenced as an armed career criminal and denied relief on his claim that he was improperly sentenced as a career offender under the Sentencing Guidelines. Rather than conducting a full resentencing, the court corrected that portion of the sentence that was infirm and entered an amended criminal judgment, leaving in place those portions of the sentence that remained valid. We dismiss this appeal in part and affirm the court's amended criminal judgment.

An amended judgment entered as a result of a § 2255 resentencing "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *United States v. Hadden,* 475 F.3d 652, 664 (4th Cir. 2007). To the extent the movant seeks to appeal the order by challenging the district court's decision not to grant relief on some of the claims in his § 2255 motion, he is appealing the final order in a proceeding under § 2255 and must obtain a certificate of appealability (COA) under 28 U.S.C. § 2253 (2012) in order to do so. *Id.* To the extent he seeks to appeal the order by challenging the propriety of the relief granted, i.e., whether the relief was appropriate under § 2255 or whether the new sentence is in conformity with the Guidelines, he is appealing a new criminal sentence and need not obtain a COA. *Id.*

With respect to Johnson's appeal of the district court's order denying relief on his career offender challenge, the order is not appealable unless a circuit justice or judge

2

issues a COA. 28 U.S.C. § 2253(c)(1)(B) (2012). A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85. We have independently reviewed the record and conclude that Johnson has not made the requisite showing. Accordingly, we deny a COA and dismiss this portion of the appeal.

Johnson also seeks to appeal the amended criminal judgment, claiming that the district court should have held a resentencing hearing to reconsider his career offender status and to take notice of his postjudgment rehabilitation. We review for abuse of discretion the form of relief awarded by the district court in a successful § 2255 proceeding. *Hadden,* 475 F.3d at 667. The district court has "broad and flexible power . . . to fashion an appropriate remedy" in granting relief on collateral review. *United States v. Hillary,* 106 F.3d 1170, 1171 (4th Cir. 1997) (internal quotation marks omitted). "First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds." *Hadden,* 475 F.3d at 661. If the district court determines that the sentence is unlawful, the court "shall vacate and set aside the sentence." *Id.* (ellipsis and internal quotation marks omitted). As we have observed, pursuant to

3

§ 2255(b), "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *Id.* (footnote omitted). "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been [in] had there been no error in the first instance." *Id.* at 665 (internal quotation marks omitted). We conclude that there was no abuse of discretion. The court's amended criminal judgment put Johnson in exactly the same position he would have held had there been no sentencing error.

Accordingly, we affirm as to the district court's amended criminal judgment. We further deny Johnson's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4