**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6718**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHRISTOPHER J. BAILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:95-cr-00002-1; 2:16-cv-06190)

Submitted:  January 24, 2023                       Decided:  February 8, 2023

Before AGEE and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher J. Bailey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We previously granted Christopher J. Bailey authorization to file a successive 28 U.S.C. § 2255 motion. He now appeals the district court's orders adopting in part the magistrate judge's recommendation, granting his § 2255 motion in part, vacating his 18 U.S.C. § 2261(a)(2) interstate domestic violence conviction and sentence, and denying reconsideration. We affirm.

Bailey argues that a full resentencing hearing was required on his remaining 18 U.S.C. § 1201(a)(1) kidnapping conviction under the sentencing package doctrine. The form of relief awarded by the district court in a successful § 2255 proceeding is reviewed for abuse of discretion. *United States v. Hadden*, 475 F.3d 652, 667 (4th Cir. 2007). The district court has "broad and flexible power . . . to fashion an appropriate remedy" in granting relief on collateral review. *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (internal quotation marks omitted). This court has held "that the district court is *authorized* to conduct a resentencing in awarding relief pursuant to § 2255, not that the district court is *required*, in resolving every § 2255 [motion], to conduct a resentencing." *Hadden*, 475 F.3d at 668. Thus, in a § 2255 proceeding, the district court may remedy an unlawful sentence by one of the following: (1) releasing the prisoner, (2) granting the prisoner a future new trial, or (3) imposing a new sentence either by (a) resentencing the prisoner or (b) correcting the prisoner's sentence. *Id.* at 667. "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Id.* at 665 (internal quotation marks omitted).

2

Here, the sole harm to Bailey, as identified by the district court, was the invalid conviction on the § 2261(a)(2) count. To "correct" this error, the district court vacated that conviction and sentence. Contrary to Bailey's assertion on appeal, we conclude that a resentencing hearing was not required under these circumstances. *See id.* at 667 ("To 'correct' means to 'make or set right.' *Merriam Webster's Collegiate Dictionary* 280 (11th ed. 2004). This is precisely what the district court did here."). Finally, Bailey's argument that a resentencing hearing was required under the sentencing package doctrine is foreclosed by *Hadden*. *See id.* at 669.

Accordingly, we deny a certificate of appealability as unnecessary, *see id.* at 664-66, and affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*